Marytza J. Reyes (SBN 218684)
  reyes@sanchez-amador.com
Jessica M. Iglesias (SBN 280484)
  iglesias@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant Home Depot U.S.A., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CECILIA OLVERA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>  Defendant. | Case No. 2:22-cv-6495<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>*[LASC Case No. 22AHCV00557]* |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CECILIA OLVERA AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Home Depot U.S.A., Inc. removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**PROCEDURAL BACKGROUND**

1. On August 8, 2022, plaintiff Cecilia Olvera ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Cecilia Olvera v. Home Depot U.S.A., Inc., et al.*, which was assigned case

425559.1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

number 22AHCV00557 (the "State Court Action"). The Complaint asserts claims for: (1) Discrimination in Violation of Gov't Code Section 12940 et seq.; (2) Harassment in Violation of Gov't Code Section 12940 et seq.; (3) Retaliation in Violation of Gov't Code Section 12940 et seq.; (4) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Gov't Code Section 12940(k); (5) Failure to Provide Reasonable Accommodation in Violation of Gov't Code Section 12940(m); (6) Failure to Engage in Interactive Process in Violation of Gov't Code Section 12940(n); (7) Wrongful Termination in Violation of Public Policy.

## TIMELINESS OF REMOVAL

2. August 11, 2022, Home Depot's agent for service of process received by certified mail, copies of the Summons, Complaint, and related case documents, along with a Notice and Acknowledgment of Receipt. True and correct copies of the Summons, Complaint, and case-related documents served by Plaintiff on Home Depot's agent for service of process are attached as **Exhibit A** to this Notice of Removal.

3. On August 8, 2022, the Court issued notices of Case Management Conference and Order to Show Cause Hearing. True and correct copies of the notices are attached hereto as **Exhibit B**.

4. On September 8, 2022, Home Depot filed its Answer to Verified Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

5. Pursuant to 28 U.S.C. § 1446(a), Exhibits A, B, and C constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal. No other process, pleadings, or papers have been filed and no further proceedings have been held.

6. Defendants "Does 1-100" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

7. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of Complaint's service upon Home Depot. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

8. <u>Basis of Original Jurisdiction</u>.  Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See, Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).  Home Depot is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Home Depot pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and Home Depot is a citizen of Delaware and Georgia; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

9. <u>Citizenship of Defendant</u>. Pursuant to 28 United States Code § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

10. At all times on or after the date this action was filed, Home Depot U.S.A., Inc. has been a citizen of the states of Georgia and Delaware. Home Depot has its principal place of business in Atlanta, Georgia, as that is the location of its

headquarters and where it centrally manages its executive and administrative operations. Declaration of Patricia Olmsted ("Olmsted Decl.") ¶ 3. In addition, Home Depot is incorporated in the State of Delaware. *Id*. at ¶ 2. Home Depot is neither incorporated in California, nor does it have a principal place of business in California. *Id*. at ¶¶ 2-3. Accordingly, for purposes of determining diversity, Home Depot is regarded as a citizen of Georgia and Delaware, and not a citizen of California.1 See also *Ottaviano v. Home Depot* [U.S.A.], Inc.[], 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia").

11. <u>Citizenship of Plaintiff</u>. Plaintiff is a citizen of the State of California. Compl. ¶ 2.

12. <u>Doe Defendants are Disregarded for Purposes of Removal</u>. Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a*); McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

13. Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met because Home Depot is a citizen of Georgia and Delaware while Plaintiff is a citizen of California.

14. <u>The Amount in Controversy in this Civil Action Exceeds $75,000</u>. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Home Depot is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Home

Depot can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*.

15. $95,000 Settlement Demand Letter. Settlement demand letters are admissible to establish the amount in controversy. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (Federal Rule of Evidence 408 does not disallow reliance on settlement letters to assess amount in controversy), *citing, Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [the jurisdictional minimum], it is 'apparent' that removal was proper."); *Uribe v. Autozone, Inc.,* 166 Fed. Appx. 896, 897 (9th Cir. 2006) (District court properly relied upon a pre-removal settlement letter to conclude that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332); *see, e.g., Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012) (The fact that the amount in controversy exceeds $75,000 became apparent when Defendant received settlement letter seeking $200,000.00); *Simmons v. PCR Tech., supra,* 209 F. Supp. 2d at 1033, fn. 2 ("A defendant may present evidence of settlement demands when attempting to prove [the amount in controversy for] federal subject matter jurisdiction."); *Talbott v. Target Corp.*, 2012 U.S. Dist. LEXIS 166541 (C.D. Cal. 2012) (Hon. Josephine Staton Tucker) (amount in controversy requirement satisfied by demand letter in which plaintiff stated that she is "most likely to recover approximately $73,888.00," and attorney fees). Here, Plaintiff's counsel faxed Home Depot's Corporate Counsel a demand letter on April 27, 2022, that sets forth Plaintiff's alleged lost wages, front pay calculation, and attorneys' fees expended as of that date. Declaration of Diana Chavez in Support of

Notice of Removal of Action, at ¶ 3. A true and correct copy of the fax cover sheet and demand letter is attached hereto as **Exhibit D**. The letter estimates Plaintiff's purported front pay damages are $100,500 and includes a demand of $95,000 to resolve Plaintiff's claims. Accordingly, Plaintiff's damages calculation and her settlement demand establish that the amount in controversy significantly exceeds $75,000.00

## VENUE

16. <u>Venue is Proper</u>. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## HOME DEPOT HAS SATISFIED ALL OTHER REMOVAL REQUIREMENTS

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Home Depot are attached as Exhibits to this Notice.

18. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of compliance shall be filed promptly afterward with this Court.

19. As required by Federal Rule of Civil Procedure 7.1, Home Depot concurrently filed its Certificate of Interested Parties.

20. Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Home Depot requests that the Court issue an Order to Show Cause so that Home Depot may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Home Depot removes the above-captioned action to the United States District Court for the Central District of California.

DATED:  September 12, 2022

SANCHEZ & AMADOR, LLP

/s/ Jessica M. Iglesias
Marytza J. Reyes
Jessica M. Iglesias
Attorneys for Defendant Home Depot U.S.A., Inc.